IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-81-FL

| | |
|---|---|
| ANDREW GENTILE, CHRISTINE GENTILE and REDGATOR PAWN SHOP, <br><br> Plaintiffs, <br><br> v. <br><br> BRUNSWICK COUNTY SHERIFF'S DEPARTMENT; JOHN INGRAM, in his individual and official capacity as Sheriff of Brunswick County; RYAN NEWMAN, in his individual and official capacity as a Detective for the Brunswick County Sheriff's Department; MICHAEL MURRAY, in his individual and official capacity as a Detective for the Brunswick County Sheriff's Department; BRUNSWICK COUNTY; WESTERN SURETY COMPANY; MEREDITH EVERHART, in her individual and official capacity as an Assistant District Attorney with the Brunswick County District Attorney's Office, <br><br> Defendants. | ORDER |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, regarding (1) a motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed by previously-named defendant

Brunswick County District Attorney's Office ("District Attorney's Office")[1] and defendant Meredith Everhart ("Everhart") (DE 15); (2) a motion to dismiss, pursuant to Rule 12(b)(6), filed by defendants Brunswick County and Brunswick County Sheriff's Department ("Sheriff's Department") (DE 20); and (3) a motion to dismiss, pursuant to Rule 12(b)(6), by defendants John Ingram ("Ingram"), Micheal Murray ("Murray"), and Ryan Newman ("Newman") (DE 37). No objections to the M&R have been filed, and the time within which to make any objection has expired. This matter is ripe for ruling.

## BACKGROUND

Plaintiffs filed this action in Brunswick County Superior Court and the matter was removed to this court on April 25, 2013. (DE 1). In addition to the defendants named above, Western Surety Company ("Western Surety") has also been named as a defendant "as the surety on Defendant John Ingram's official sheriff bond pursuant to N.C. Gen. Stat. § 58-76-5." (DE-1-1) ¶ 15. Plaintiffs allege federal claims under 42 U.S.C. § 1983 for violation of their constitutional right to due process, equal protection, and to be free from unlawful searches and seizures, and under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). In addition, plaintiffs bring state law claims for false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiffs seek compensatory and punitive damages, as well as attorney's fees and costs.

After filing of two motions to dismiss, by text order issued May 21, 2013, the court granted a motion to stay discovery and other pretrial proceedings pending resolution of the motions. That

---

[1] District Attorney's Office was dismissed by prior order of the court. The caption of this order has ben constructively amended to reflect dismissal of this defendant.

order also dismissed defendant District Attorney's Office, where in responsive pleading plaintiffs conceded it was not an entity capable of being sued. It also dismissed claims against defendant Everhart in her official capacity, when plaintiffs conceded they were barred by sovereign immunity. The court forecast that it would address remaining claims in a separate order.

Subsequently, on May 31, 2013, Ingram, Murray and Newman filed their motion to dismiss the civil RICO claim filed against them. Their motions, along with the motion of Brunswick County and the Sheriff's Department, and in addition to the motion to dismiss remaining claims against Everhart, were collectively referred to the magistrate judge. At issue here are the civil RICO claim against defendant Everhart in her individual capacity, the civil RICO claim against Murray, Newman, and Ingram, and all claims against the Sheriff's Department and Brunswick County.

## DISCUSSION

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). On the other hand, the purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To assist it in its review of the pending motions, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

3

explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the M&R it is recommended that defendants' pending motions be granted for failure to state a claim and for lack of subject matter jurisdiction with respect to the issues raised in those motions. As noted, no objections to the M&R have been filed.

As the M&R thoroughly explains, all remaining claims suffer fatal deficiencies. Plaintiffs' complaint fails to state a civil RICO claim against Everhart, Ingram, Newman, and Murray because they do not allege sufficient facts to show a pattern of racketeering activity. See Flip Mortgage Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir. 1988) (dismissing civil RICO claim for failure to allege pattern of racketeering activities sufficient to state civil RICO violation). Plaintiffs concede that the Sheriff's Department is not an entity capable of being sued and consent to dismissal. Finally, plaintiffs' complaint fails to allege facts that establish Brunswick County's liability for the acts the sheriff or his officers. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988); Parker v. Bladen Cnty, 583 F. Supp. 2d 736, 739 (E.D.N.C. 2008) (dismissing complaint against county for failure to allege acts over which the county had final policymaking authority). Upon careful review of the M&R and the record generally, the court finds no clear error and will adopt the recommendations.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge (DE 58). For the reasons stated therein, the motion to dismiss remaining claims against defendant

4

Everhart (DE 15) is GRANTED. Likewise, the motion to dismiss all claims against defendants Brunswick County and the Sheriff's Office (DE 20) is GRANTED. Finally, the motion to dismiss the civil RICO claim against Ingram, Murray, and Newman (DE 37) is GRANTED.

The parties remaining in this case, plaintiffs and defendants Ingram, Murray, Newman, and Western Surety, are DIRECTED to confer and provide a discovery plan for remaining case activities, in accordance with the court's April 30, 2013 initial order on planning and scheduling, within twenty-one (21) days of this order.

SO ORDERED this the 1st day of April, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge