IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No.: 7:13-CV-00081-FL

| | |
|---|---|
| ANDREW GENTILE and CHRISTINE GENTILE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| JOHN INGRAM, in his individual and official capacity as Sheriff of the Brunswick County; RYAN NEWMAN, in his individual and official capacity as a Detective for the Brunswick County Sheriff's Department; MICHAEL MURRAY, in his individual and official capacity as a Detective for the Brunswick County Sheriff's Department; and WESTERN SURETY COMPANY, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**JOINT PROTECTIVE ORDER FOR THE PERSONNEL RECORDS OF PLAINTIFF ANDREW GENTILE, DEFENDANT RYAN NEWMAN, DEFENDANT MICHAEL MURRAY, AND OTHER PERSONNEL INFORMATION RELATING TO OTHER DEPUTIES AND OFFICERS OF THE SHERIFF OF BRUNSWICK COUNTY**

THE PARTIES in this matter have requested in discovery certain information from the personnel records of Plaintiff Andrew Gentile, a former law enforcement officer with the Mecklenburg County Sheriff Department and Ocean Isle Beach Police Department, and Defendants Ryan Newman and Michael Murray, current Brunswick County Deputy Sheriffs. In addition, other records that may contain confidential personnel information have been requested by the Plaintiffs. Pursuant to N.C. Gen. Stat. § 153A-98, personnel files and personnel information are confidential, with criminal penalties for unauthorized

or improper disclosure. However, information contained in personnel files and other personnel information may be disclosed pursuant to court order. To ensure the parties can produce the requested information, the parties have submitted the instant Protective Order authorizing the disclosure of such personnel records.

IT IS HEREBY ORDERED THAT:

1. Personnel information is information which concerns or relates to an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form.

2. Any such personnel information obtained in this action which is asserted by either party to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER" or a comparable notice. (Such information shall be disclosed at any hearing only to Court personnel, to the parties, and to counsel for the parties and their employees.) If at any time a party objects to a designation of information as being confidential, the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. Within ten calendar days of the receipt of such notice, the designating party may apply for a ruling on the continued designation of the information as confidential. The confidentiality of the

information shall be maintained until the Court rules otherwise; provided, however, that, if no application to the Court is submitted within the ten-day period, the information shall be deemed not to contain confidential information. If the designating party and the objecting party cannot resolve their differences, either party may apply to the Court for a ruling.

3.  In the absence of written permission from the producing party, or party's designee, or by an order by the Court, any confidential personnel information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

(i) The Court and the employees thereof.

(ii) Court reporters and stenographers engaged for the taking of testimony.

(iii) The parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel.

(iv) Experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party.

(v) Any witness, potential witness, deponent or potential deponent in this action who is first advised of the terms and conditions of this Order and signs an undertaking in the form of Exhibit A hereto, and provided that the confidential personnel information is not left in the possession of such person. Any party may request that the deponent agree on the record to be bound by this order, and if the deponent refuses, the requesting party may request a delay pending a motion to the Court; provided, however, that witnesses may see their own personnel records. Any confidential personnel

3

information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his personnel file to the extent permitted by law.

(vi) Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of such information, provided that the contractor is advised that the documents are subject to a protective order.

(vii) Any jurors or alternate jurors that may be empaneled for purposes of trial.

4. Personnel information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by signing an undertaking in the form of Exhibit A hereto, provided that such confidential information is not left in the possession of such person.

5. If the Court orders, or if a party or its designee agrees, that access to, or dissemination of, information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential personnel information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be filed under seal pursuant to Local Rule 79.2. Any portion of a transcript in connection with this action containing any confidential, personnel information submitted pursuant to paragraph 2 shall

be bound separately and filed under seal pursuant to Local Rule 79.2. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential personnel information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7. "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

8. If confidential personnel information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order,

the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

9. Upon final adjudication of this action, all confidential personnel information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be returned to counsel for the producing party. Each party, however, shall be permitted to retain copies of Court filings containing such documents, deposition transcripts and all of their respective work product, which shall continue to be subject to the provisions of this Order.

10. Neither this Order nor the designation of any items as Confidential Information shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding. In addition, this Order does not, of itself, require the production of any information or documents.

SO ORDERED, this the __1st__ day of _____October__, 2015.

_____
LOUISE W. FLANAGAN
U.S. DISTRICT JUDGE

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order for Personnel Records (the "Protective Order") dated _____ ____, 2015 in *Andrew Gentile and Christine Gentile v. John Ingram, et al.* filed in the United States District Court for the Eastern District of North Carolina, Case No. 7:13-cv-00081-FL, and agree that I: (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other such persons designated in paragraph 3 of this Order; and (3) will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____      _____
                       Signature

                       _____
                       Printed Name

                       _____
                       _____
                       Address

                       _____
                       Position