IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-81-FL

| | | |
|---|---|---|
| ANDREW GENTILE and CHRISTINE GENTILE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | ORDER |
| JOHN INGRAM, in his individual and official capacity as Sheriff of Brunswick County; RYAN NEWMAN, in his individual and official capacity as a Detective for the Brunswick County Sheriff's Department; MICHAEL MURRAY, in his individual and official capacity as a Detective for the Brunswick County Sheriff's Department; and WESTERN SURETY COMPANY, | | |
| Defendants. | | |

This matter is before the court on defendants' motion for sanctions (DE 109). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court grant in part and deny in part defendants' motion. Defendants timely filed objections to the M&R and plaintiffs responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, except as set forth herein.

## BACKGROUND

Plaintiffs commenced this action in Brunswick County Superior Court, and the matter was removed to this court on April 25, 2013. Plaintiffs filed an amended complaint on June 2, 2014,

asserting claims under 42 U.S.C. § 1983, for violations of their constitutional rights, as well as related state law claims, arising from the arrest of plaintiff Andrew Gentile on charges of receipt of stolen goods, following the execution of a search warrant at the Red Gator Pawn Shop, an establishment owned by plaintiffs.

The court entered an amended case management order on September 9, 2015, setting a November 15, 2015, deadline for discovery, and a December 15, 2015, deadline for dispositive motions. Defendants filed a motion for extension of time to complete discovery on November 9, 2015, to which plaintiffs responded in opposition on November 17, 2015. Defendants filed an amended motion for extension of time to complete discovery on November 20, 2015, and the court held a telephone status conference on the motions on November 24, 2015. Defendants filed the instant motion for sanctions on November 30, 2015.

The court stayed deadlines in the amended case management order on December 1, 2015. The magistrate judge entered an order and M&R on April 29, 2016, addressing the motions for extension of time and instant motions for sanctions. The magistrate judge denied the motions for extension of time as moot, where the issues raised therein had been subsumed into the motion for sanctions. The court sets forth in the discussion below further details regarding the recommended disposition of the sanction motion.

**DISCUSSION**

A.  Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition" of a potentially case-dispositive motion. See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings

2

and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

With respect to the instant motion for sanctions, the magistrate judge made the following determinations and recommendations for which no objections have been made.

1.   Plaintiffs failed to disclose timely in discovery a January 2013 recorded interview of potential witness Amber Holden Galloway ("Galloway").

2.   Plaintiffs failed to disclose timely in discovery three recorded statements taken in January and February 2013 of potential witness Austin Jenkins ("Jenkins").

3.   The failure to disclose the aforementioned statements of Galloway and Jenkins was not substantially justified and was not harmless to defendants.

4.   Defendants deposed Galloway and Jenkins, as well as plaintiff Andrew Gentile, prior to the date the aforementioned statements were disclosed in discovery.

3

5. Reopening the depositions of Galloway and Jenkins for the limited purpose of addressing the contents of the recorded statements and issues related thereto is an appropriate alternative to either dismissal of plaintiffs' action or the exclusion of the testimony of Galloway and Jenkins.

6. Reopening the deposition of plaintiff Andrew Gentile, for the limited purpose of examining him regarding the recorded interviews with Jenkins in January and February 2013, is warranted.

Upon careful review of the record, where no objection to the aforementioned determinations and recommendations has been made, the court ADOPTS as its own these determinations and recommendations, as well as the supporting discussion in the M&R. (See DE 119 at 1-19).

The magistrate judge made the following additional determinations and recommendations to which defendants now object in part, as specified below.

1. The magistrate judge recommended that discovery shall be reopened for 45 days for the limited purpose of taking the reopened depositions of Galloway, Jenkins, and Gentile (hereinafter the "reopened depositions"), and dispositive motions shall be reset to 30 days following the deadline for discovery. Defendants object to the time period of 45 days and seek 60 days instead in order properly to prepare for and take the reopened depositions, and to obtain a transcript thereof.

2. The magistrate judge recommended that plaintiffs be ordered to bear the costs of the reopened depositions, not to include defendants' attorney's fees, as a sanction under Rule 37. In declining to recommend an award of attorney's fees, the magistrate judge determined that "it is significant that Defendants failed to certify that they

4

attempted to resolve the issues presented here prior to filing the motion," citing Local Civil Rule 7.1(c). (DE 119 at 20). Defendants object to not awarding attorney's fees, and they object to the magistrate judge's findings with respect to certification under Local Civil Rule 7.1(c).

3. Defendants also seek to clarify that the requirement that plaintiffs pay costs for the reopened depositions includes the requirement that plaintiffs pay for costs for witness fees and service-of-process fees for non-party witnesses.

With respect to defendants' first objection, for good cause shown, the court will allow a 60 day period for taking the reopened depositions. Thus, the court ADOPTS IN PART the recommendation of the magistrate judge on this issue and EXTENDS the period of discovery for the limited purpose of taking the reopened depositions, modified to a period of **60 days** from the date of this order. All potentially dispositive motions shall be filed within **30 days** of the conclusion of the time period for reopened depositions. All other terms and conditions set forth in the court's case management order and amended case management order, not modified herein, shall remain in full force and effect.

Defendants' second objection requires more extended discussion. Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . the court . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(l). The court may impose fees and expenses "[i]n addition to or instead of" other sanctions. Id.

Here, the record reflects that plaintiffs were unjustified in their failure to provide discovery in accordance with the Federal Rules of Civil Procedure. The failure to do so constitutes a disregard

5

for the scheduling orders and rules of this court, it has caused a disruption in the orderly progression of the case, and it prejudices defendants in that they must now reopen depositions of three potential witnesses. Normally, under such circumstances, a full award of defendants' costs and expenses for filing a motion for sanctions, and for reopening such depositions, may be warranted.

Nevertheless, as noted by the magistrate judge, defendants did not certify in their motion for sanctions that they attempted to resolve the issues presented in the motion for sanctions prior to filing the motion. Local Rule 7.1(c)(2) provides that in filing a discovery motion, including one under Rule 37, "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of" such motion. Defendants did not do so to the letter of the rule in this instance. That said, defendants' failure to do so under the present circumstances is partially justified and does not provide a basis to completely preclude any award of attorney's fees.

In support of justification of defendants' failure to certify under Rule 7.1, the court notes that defendants filed two motions for extension of discovery deadlines, one of which was opposed by plaintiffs, and the parties had participated in a telephonic conference with the magistrate judge regarding plaintiffs' discovery responses in the week prior to filing the instant motion for sanctions. That conference in itself constitutes some "effort to resolve" the discovery dispute prior to filing any further motion. Local Civil Rule 7.1(c)(2).

According to defendants, however, in the time that followed in advance of the instant motion, defendants reviewed the late disclosed discovery, became fully aware of the extent of newly disclosed discovery, and unilaterally determined that further efforts to resolve the dispute with plaintiffs would be futile. On the one hand, the court recognizes defendants' position that they had already undertaken some effort, and that further efforts to resolve the dispute would have been futile.

6

Plaintiffs do not state they would have offered to reopen depositions with fees and expenses paid by plaintiffs, much less agreed to the primary sanctions requested by defendants. On the other hand, the court recognizes plaintiffs' viewpoint that they had undertaken efforts to resolve discovery disputes previously, and they would have been open to discussing further extensions. While plaintiffs had not responded to defendants' satisfaction prior to the filing of the instant motion for sanctions, they may have reacted differently if defendants' had previewed their motion for sanctions in advance.

Recognizing these competing considerations, under the circumstances of this case, the court finds appropriate an award of some but not all attorney's fees associated with the reopened depositions, in order to balance the unjustified late discovery disclosure in this case against defendants' failure to include a Rule 7.1 certification in its motion for sanctions. An award solely of costs does not sufficiently deter a blatant disregard of discovery rules as occurred here. At the same time, a full award of attorney's fees in this instance would not serve to encourage parties to comply with the Local Civil Rule 7.1, and to encourage parties to make all reasonable efforts to resolve discovery disputes without court intervention.

Accordingly, the court ORDERS plaintiffs to pay as a sanction under Rule 37 all costs associated with holding the reopened depositions, as well as reasonable attorney's fees capped as follows. In particular, plaintiffs shall pay reasonable attorney's fees for total travel time to and from such reopened depositions, as well as total time spent at the reopened depositions, provided the total attorney's fees paid by plaintiffs shall not exceed fees for **eight hours** total for travel time, and **eight hours** total for time at the reopened depositions. Plaintiffs shall not be responsible for paying attorney's fees for time spent preparing for such reopened depositions.

7

With respect to costs, the court notes plaintiffs' representation that they intend to bear the burden of rescheduling the reopened depositions and to take responsibility for any costs that may be required to secure the presence of the non-party witnesses. The court further notes plaintiffs' representation that they believe "further service fees and witness costs will be unnecessary," because plaintiffs will facilitate the appearance of Galloway and Jenkins. (DE 126 at 2). Should those efforts prove unsuccessful, plaintiffs shall timely prepare subpoenas and serve them accordingly.

In addition, in light of these representations and the court's determination as to attorney's fees for travel expenses, the court does not require the reopened depositions to take place in a location in or within close proximity to Brunswick County, or the county in which the non-party witnesses reside, as the magistrate judge recommends (see DE 119 at 18). Rather, if plaintiffs are able to secure the appearance of plaintiff Andrew Gentile and non-party witnesses Galloway and Jenkins, plaintiffs are DIRECTED to designate the place for such reopened depositions and to confer with defendants and determine a mutually agreeable time for taking such depositions.

After the reopened depositions have taken place, and no later than **60 days** of the date of this order, defendants are DIRECTED to file a notice of their costs and fees associated with the reopened depositions, with attorney's fees capped as set forth herein. Plaintiffs are DIRECTED to file a notice certifying payment of all such fees and costs within **30 days** of the notice filed by defendants. The court rejects defendants' further suggested requirement of staying case activities pending payment by plaintiffs of such fees, where the court may enforce this order independently of any further case activities on the merits. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990).

## CONCLUSION

Based on the foregoing, the court adopts the M&R, except to the extent as modified herein. Defendants' motion for sanctions (DE 109) is GRANTED IN PART and DENIED IN PART as specified herein.

SO ORDERED, this the 17th day of June, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge